

The Honorable Tana Lin

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

CURTIS MCDANIEL (aka CURTIS LEMBKE),

Defendant.

NO. CR24-088TL

**PLEA AGREEMENT**

The United States, through United States Attorney Tessa M. Gorman and Assistant United States Attorneys Joseph C. Silvio and C. Andrew Colasurdo of the Western District of Washington and Curtis McDaniel and his attorney Abigail W. S. Cromwell enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B).

1.     **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States Attorney in an Information.

2.     **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Superseding Information:

Plea Agreement - 1
*United States v. Curtis McDaniel*, CR24-088TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.      Conspiracy to Distribute Controlled Substances, as charged in Count 1, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846; and

b.      Unlawful Possession of a Firearm, as charged in Count 2, in violation of Title 18, United States Code, Section 922(g)(1).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3.      **Elements of the Offenses.** The elements of the offenses to which Defendant is pleading guilty are as follows:

a.      Conspiracy to Distribute Controlled Substances, as charged in Count 1, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846:

i.      First, on or about the date charged, within the Western District of Washington and elsewhere, there was an agreement between two or more persons to distribute controlled substances, to wit methamphetamine, cocaine, heroin, and fentanyl; and

ii.      Second, Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose, that is the distribution of methamphetamine, cocaine, heroin, and fentanyl.

b.      Unlawful Possession of a Firearm, as charged in Count 2, in violation of Title 18, United States Code, Section 922(g)(1):

i.      First, on or about the date charged, within the Western District of Washington, Defendant knowingly possessed a firearm;

ii.      Second, the firearm had been shipped or transported from one state to another or between a foreign nation and the United States;

iii.      Third, at the time Defendant possessed the firearm, Defendant had previously been convicted of a felony offense punishable by imprisonment for a term exceeding one year; and

Plea Agreement - 2
*United States v. Curtis McDaniel*, CR24-088TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

iv.    Fourth, at the time Defendant possessed the firearm, Defendant knew he had previously been convicted of a felony offense punishable by imprisonment for a term exceeding one year.

4.    **The Penalties.** Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

a.    Conspiracy to Distribute Controlled Substances, as charged in Count 1, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), and 846:

i.    a maximum term of imprisonment of up to forty (40) years with a mandatory minimum term of five (5) years;

ii.    a fine of up to five million dollars ($5,000,000);

iii.    a period of supervision following release from prison of at least four (4) years; and

iv.    a mandatory special assessment of one hundred dollars ($100).

b.    Unlawful Possession of a Firearm, as charged in Count 2, in violation of Title 18, United States Code, Section 922(g)(1):

i.    a maximum term of imprisonment of up to fifteen (15) years;

ii.    a fine of up to two-hundred-fifty-thousand dollars ($250,000);

iii.    a period of supervision following release from prison of up to (3) years; and

iv.    a mandatory special assessment of one hundred dollars ($100).

**Drug Offense - Proof of Drug Quantity for Mandatory Minimum.** Defendant further understands that, in order to invoke the statutory sentence for the lesser-included drug offense charged in Count 1, the United States must prove that Defendant's conduct as a member of the narcotics conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count 1, involved more than 50 grams of a mixture or substance containing a detectable

Plea Agreement - 3
*United States v. Curtis McDaniel*, CR24-088TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

amount of methamphetamine, its salts, isomers, or salts of its isomers, or 500 grams or more of a mixture or substance containing a detectable amount of cocaine. Defendant expressly waives the right to require the United States to make this proof at trial and stipulates as a part of this plea of guilty that Defendant's conduct as a member of the narcotics conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count 1, involved more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectable amount of cocaine.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Plea Agreement - 4
*United States v. Curtis McDaniel*, CR24-088TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

5.      **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's mandatory removal from the United States.

6.      **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

a.      The right to plead not guilty and to persist in a plea of not guilty;

b.      The right to a speedy and public trial before a jury of Defendant's peers;

c.      The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d.      The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e.      The right to confront and cross-examine witnesses against Defendant at trial;

f.      The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

Plea Agreement - 5
*United States v. Curtis McDaniel*, CR24-088TL

g.      The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.      The right to appeal a finding of guilt or any pretrial rulings.

7.      **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a.      The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b.      After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.      The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

Plea Agreement - 6
*United States v. Curtis McDaniel*, CR24-088TL

d.      Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

8.      **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9.      **Statement of Facts.** Defendant admits Defendant is guilty of the charged offenses. The parties agree on the following facts:

Beginning at a time unknown, and continuing until at least June 5, 2024, Defendant served as a redistributor for a large, transnational drug trafficking organization (hereinafter "DTO") that distributed multiple controlled substances including methamphetamine, cocaine, heroin, and fentanyl. More specifically, Defendant worked with others to distribute controlled substances, including methamphetamine, cocaine, and heroin, throughout the Western District of Washington and elsewhere.

This conspiracy, and Defendant's role therein, is established by witness and informant accounts; recorded telephone calls; court-authorized interceptions of wire and electronic communications; controlled purchases of drugs by confidential sources; surveillance; seizures of drugs and cash; search warrants; and other evidence, only some of which is outlined below.

From October 2023 through December 2023, Defendant was intercepted engaging in drug-related communications with two local DTO leaders, Manuel Garcia-Hernandez and Ramon Duarte-Garcia, both of whom supplied Defendant with methamphetamine ("windows" / "clear trim"), cocaine ("white paint" / "paint"), and heroin ("dark trim" / "brown").

During the initial interceptions between Defendant and Duarte-Garcia in October 2023, Duarte-Garcia explained that he had methamphetamine and cocaine to distribute. For example, on October 29, 2023, almost immediately upon returning from picking up a shipment of drugs in California, Duarte-Garcia sent a message to Defendant that read, "Window ready and paint" and explained the price for a pound of methamphetamine was $1,250.

Additionally, during interceptions between Defendant and both Duarte-Garcia and Garcia-Hernandez, Defendant openly discussed the money he owed each of them. For example, on November 2, 2023, Defendant told Duarte-Garcia he had $3,500 ("35") for him. The next day, Defendant advised he now had $6,000 ("6"). Similarly, on November 26, 2023, Defendant acknowledged owing Garcia-

Plea Agreement - 7
*United States v. Curtis McDaniel,* CR24-088TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Hernandez for an undetermined amount of methamphetamine Garcia-Hernandez had previously delivered to Defendant.

Later, during an exchange on November 28, 2023, Defendant asked both Garcia-Hernandez and Duarte-Garcia about the availability of cocaine ("white paint" / "white") and explained that he/Defendant had a friend that wanted nine ounces ("I have a guy that wants 9 right now" / "I have a friend that needs 9"). Garcia-Hernandez quoted a price of $4,250 for the nine ounces of cocaine (1/4 kilogram). Duarte-Garcia initially told Defendant that "they are sold out" but later advised that he could get a quarter kilogram ("a small can") for $4,200 ("4200sq ft"). Defendant said it was a good price and told Duarte-Garcia that he would take it. The exchange did not occur that night because the quality of the cocaine was poor, and Duarte-Garcia was having trouble finding better quality cocaine ("I couldn't find pretty paint"). Duarte-Garcia eventually found good quality cocaine and the three of them (Duarte-Garcia, Defendant, and Defendant's friend) met in the early morning hours of December 1, 2023, to conduct the exchange in Renton, Washington.

On December 2, 2023, Defendant asked Duarte-Garcia for ten pounds of methamphetamine ("10 winz") and Duarte-Garcia said he could do the deal the following day ("Tomorrow yes"). When Defendant followed up the next day ("Windows?"), Duarte-Garcia explained that he did not have any available.

On December 4, 2023, Defendant asked Garcia-Hernandez for one kilogram of cocaine ("full gallon of paint"). Defendant and Garcia-Hernandez agreed that Defendant would sell the kilogram to his third-party buyer for $16,500. Three days later, on December 7, 2023, Garcia-Hernandez reached out to Defendant to tell him that he had "nine small gallons" (nine ounces of cocaine) that he could sell Defendant for $3,000. Similarly, on December 12, 2023, Garcia-Hernandez advised Defendant that he had seven pounds of methamphetamine available ("7 windows").

On December 9, 2023, Defendant and his friend acquired a kilogram of cocaine ("My friend wants big") from Duarte-Garcia in Renton, Washington for $16,000 ("I got the big one at 16k right now cause its my friends price"). Following the deal, Defendant made multiple calls to Duarte-Garcia indicating that Defendant's friend was disappointed with the quality of cocaine received.

On December 20, 2023, the last day of interception, Defendant contacted Garcia-Hernandez looking to get three pounds of methamphetamine ("3 windows"), and Garcia-Hernandez delivered them to Defendant shortly thereafter in King County.

Plea Agreement - 8
*United States v. Curtis McDaniel*, CR24-088TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Finally, the interceptions between Defendant and Duarte-Garcia made it clear that they enjoyed a well-established relationship as there were many occasions when they would refer to Defendant needing a "refill" and a meeting would occur without any further discussion about the type, amount, or price of the drug being obtained.

On June 5, 2024, agents arrested Defendant and searched his Tukwila, Washington, motel room pursuant to a federal search warrant. During the search agents recovered two packages containing cocaine – one weighed 429.0 grams and the other weighed 93.7 grams. The agents also recovered a scale with cocaine residue on it. Defendant admits that he possessed the cocaine with the intent to distribute it to others.

During the search, agents also recovered one loaded firearm, a holster, a magazine for another firearm, and an air pistol. The loaded firearm was a Hi-Standard .22 caliber Derringer, Model D-100 pistol. Agents also recovered approximately $3,078 in cash drug proceeds during the search.

Defendant admits that he possessed the Hi-Standard firearm and ammunition described above in the same hotel room from which distribution amounts of cocaine were seized, and as such, the firearm was possessed in connection with the charged offense.

Defendant further admits that in addition to possessing the Hi-Standard pistol described above, this firearm was not manufactured in the state of Washington and that it had traveled in interstate and foreign commerce. Defendant further admits that at the time he possessed the firearm described above he knew that he had previously been convicted of the felony crime of Aiding and Abetting in Distribution of Cocaine, under case number 3-89-2(1), in the United States District Court for the District of Minnesota, on or about May 12, 1989. Moreover, Defendant knew that the crime was punishable by a term of imprisonment exceeding one year, and that he did in fact receive a sentence greater than one year.

Although the exact amount of drugs Defendant distributed, or conspired to distribute, is unknown, the parties agree that it was at least 5.9 kilograms of a mixture or substance containing methamphetamine and 2.8 kilograms grams of a mixture or substance containing cocaine.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual

Plea Agreement - 9
*United States v. Curtis McDaniel*, CR24-088TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10.    **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

   a.    A base offense level of 34 under USSG §§ 2D1.1(c)(4) because the offense involved at least at least 5.9 kilograms of a mixture or substance containing methamphetamine and 2.8 kilograms grams of a mixture or substance containing cocaine, which results in a converted drug weight of 12,360 kilograms; and

   b.    A two-level increase under USSG §§ 2D1.1(b)(1) because Defendant knowingly possessed a firearm in connection with the offense; and

   c.    A three-level decrease under USSG § 3E1.1(b) if Defendant clearly demonstrates acceptance of responsibility for his offense, as further explained in Paragraph 11.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

11.    **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Plea Agreement - 10
*United States v. Curtis McDaniel*, CR24-088TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

12.     **Sentence Recommendation.** The United States agrees to recommend a term of imprisonment that is no longer than 72 months. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendations of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

13.     **Forfeiture.** Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all property, real or personal, that constitutes proceeds of, and/or that facilitated, his commission of the offense of Conspiracy to Distribute Controlled Substances, as charged in Count 1. All such property is forfeitable pursuant to 21 U.S.C. § 853(a), and includes but is not limited to the following property:

   a. One High-Standard .22 caliber Derringer, Model D-100 pistol, and any associated ammunition, seized from CURTIS MCDANIEL's motel room in Tukwila, Washington, on or about June 5, 2024; and

   b. Approximately $3,078 in U.S. currency, seized from CURTIS MCDANIEL's motel room in Tukwila, Washington, on or about June 5, 2024.

Defendant further agrees to forfeit to the United States immediately his right, title, and interest in any and all firearms and ammunition that were involved in his commission of Unlawful Possession of a Firearm, as charged in Count 2. All such property is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d), by way of Title 28, United States Code, Section 2461(c), and includes but is not limited the following property:

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. One High-Standard .22 caliber Derringer, Model D-100 pistol, and any associated ammunition, seized from CURTIS MCDANIEL's motel room in Tukwila, Washington, on or about June 5, 2024

Defendant agrees to fully assist the United States in the forfeiture of any forfeitable property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

Defendant also agrees not to file any further claims to any of this property in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated, or to otherwise contest any federal forfeiture proceeding that may be or has been initiated. Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, in which Defendant has any interest, if that property facilitated and/or constitutes proceeds of his commission of Conspiracy to Distribute Controlled Substances, or was a firearm and ammunition involved in his commission of Unlawful Possession of a Firearm.

14.    **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband, or any other firearms, ammunition, magazines or firearms accessories, that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

15.    **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to

Plea Agreement - 12
*United States v. Curtis McDaniel*, CR24-088TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

16. **Enhanced Penalty.** Pursuant to this Plea Agreement, and conditioned upon Defendant's fulfillment of all of its terms and conditions, the United States agrees not to file an enhanced penalty information alleging Defendant's prior felony drug conviction pursuant to 21 U.S.C. § 851.

17. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or

Plea Agreement - 13
*United States v. Curtis McDaniel*, CR24-088TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

18.    **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty pleas required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from

Plea Agreement - 14
*United States v. Curtis McDaniel*, CR24-088TL

bringing an appropriate motion, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

19.    **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

20.    **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

21.    **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District

//

//

//

Plea Agreement - 15
*United States v. Curtis McDaniel*, CR24-088TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this ___ day of February, 2025.

_____
CURTIS MCDANIEL
Defendant

_____
ABIGAIL W. S. CROMWELL
Attorney for Defendant

_____ for
VINCENT T. LOMBARDI
Assistant United States Attorney

_____
JOSEPH C. SILVIO
C. ANDREW COLASURDO
Assistant United States Attorneys

Plea Agreement - 16
*United States v. Curtis McDaniel*, CR24-088TL