_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

**FEB 24 2025**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                      DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR24-088TL |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| RAMON DUARTE GARCIA, | |
| Defendant. | |

The United States, through Acting United States Attorney Teal Luthy Miller and Assistant United States Attorneys Joseph C. Silvio and C. Andrew Colasurdo of the Western District of Washington and Ramon Duarte Garcia and his attorney Peter Camiel enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B).

1.      **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States Attorney in an Information.

2.      **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Superseding Information:

a. Conspiracy to Distribute Controlled Substances, as charged in Count 1, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846; and

b. Possession of a Firearm in Furtherance of a Drug Trafficking Crime, as charged in Count 2, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Elements of the Offenses.** The elements of the offenses to which Defendant is pleading guilty are as follows:

a. Conspiracy to Distribute Controlled Substances, as charged in Count 1, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846:

i. First, on or about the date charged, within the Western District of Washington and elsewhere, there was an agreement between two or more persons to distribute controlled substances, to wit: methamphetamine, cocaine, heroin, and fentanyl; and

ii. Second, Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose, that is the distribution of methamphetamine, cocaine, heroin, and fentanyl.

b. Possession of a Firearm in Furtherance of a Drug Trafficking Crime, as charged in Count 2, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i):

i. First, on or about the date charged, within the Western District of Washington, Defendant committed a drug trafficking crime;

ii. Second, Defendant knowingly possessed a firearm; and

Plea Agreement - 2
*United States v. Ramon Duarte Garcia*, CR24-088TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

iii.     Third, Defendant possessed the firearm in furtherance of the drug trafficking crime, specifically the Conspiracy to Distribute Controlled Substances, as charged in Count 1 of the Superseding Information.

4.     **The Penalties.** Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

a.     Conspiracy to Distribute Controlled Substances, as charged in Count 1, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and 846:

i.     a maximum term of imprisonment of up to twenty (20) years;

ii.     a fine of up to one million dollars ($1,000,000);

iii.     a period of supervision following release from prison of at least three (3) years; and

iv.     a mandatory special assessment of one hundred dollars ($100).

b.     Possession of a Firearm in Furtherance of a Drug Trafficking Crime, as charged in Count 2, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i):

i.     a maximum term of imprisonment of up to life with a mandatory minimum term of imprisonment of five (5) years, which must be served consecutive to any other sentence imposed;

ii.     a fine of up to two-hundred-fifty-thousand dollars ($250,000);

iii.     a period of supervision following release from prison of up to (5) years; and

iv.     a mandatory special assessment of one hundred dollars ($100).

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be

Plea Agreement - 3
*United States v. Ramon Duarte Garcia*, CR24-088TL

returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

5. **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's mandatory removal from the United States.

Plea Agreement - 4
*United States v. Ramon Duarte Garcia*, CR24-088TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

      a.    The right to plead not guilty and to persist in a plea of not guilty;

      b.    The right to a speedy and public trial before a jury of Defendant's peers;

      c.    The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

      d.    The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

      e.    The right to confront and cross-examine witnesses against Defendant at trial;

      f.    The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

      g.    The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

      h.    The right to appeal a finding of guilt or any pretrial rulings.

7. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

8. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9. **Statement of Facts.** Defendant admits Defendant is guilty of the charged offenses. The parties agree on the following facts:

Beginning at a time unknown, and continuing until at least June 5, 2024, Defendant served as a leader of a local drug trafficking organization (hereinafter "DTO"). As a leader of the DTO, Defendant distributed, and directed other associates to distribute controlled substances, including methamphetamine, cocaine, heroin, and fentanyl, throughout the Western District of Washington and elsewhere.

This conspiracy, and Defendant's role therein, is established by witness and informant accounts; recorded telephone calls; court-authorized interceptions of wire and electronic communications; controlled purchases of drugs by confidential

sources; surveillance; seizures of drugs and cash; search warrants; and other evidence, only some of which is outlined below.

During the interception of Defendant's phone (TT14) – from October 26 to November 23, 2023, and from November 25 to December 20, 2023, Defendant regularly engaged in drug-related communications. For example, on October 27 and 28, 2023, agents intercepted Defendant coordinating the acquisition of a drug shipment in California. Then, on October 29, 2023, once Defendant returned from California, Defendant reached out to one of his redistributors, Curtis McDaniel, and let him know that he/Defendant had cocaine ("paint") and methamphetamine ("windows") for sale. When asked how much he was selling the methamphetamine for, Defendant quoted a price of $1,250 per pound. Similarly, on October 30, 2023, Defendant reached out to another redistributor, J Jesus Fernandez-Hernandez, and advised that he was selling a kilogram of cocaine for $15,000. During both interception periods, Defendant regularly communicated with his redistributors, like McDaniel and Fernandez-Hernandez, to arrange the delivery of methamphetamine ("windows" / "waters"), cocaine ("paint" / "snow" / "white"), heroin ("brown trim"/ "chocolate") and fentanyl ("pills"), and to collect the cash drug proceeds earned from the sale of those drugs.

During the investigation, agents seized drugs from Defendant on two occasions. The first seizure occurred on July 14, 2023, in California after Defendant picked up a shipment of methamphetamine and had begun transporting the methamphetamine back north to the Western District of Washington for redistribution. During this first seizure, agents recovered 5.4 kilograms of methamphetamine, a stolen Glock, Model 20, 10mm semiautomatic pistol, and $10,000 in cash drug proceeds.

The second seizure occurred on December 4, 2023. Based upon intercepts of, and GPS ping data for, Defendant's phone (TT14), agents suspected that Defendant was making another drug run to California. On the evening of December 3, 2023, and morning of December 4, 2023, agents noted that Defendant's phone (TT14) was headed north back to Washington. On the morning of December 4, 2024, agents noted that Defendant's vehicle (TV7) began to travel south from Federal Way, Washington. Using that tracking data, agents observed Defendant meet Lopez-Rodriguez at a truck stop in Millersburg, Oregon on December 4, 2023. Once there, Defendant got into the car previously driven by Lopez-Rodriguez and they headed north. Agents eventually stopped the car in Centralia, Washington, which was then being driven by Defendant, and obtained a search warrant. During a search of the car, agents recovered 13 kilograms of cocaine, a Sig Sauer, Model P320, 9mm semiautomatic pistol, pistol magazines and ammunition, a shell casing, $1,716 in cash drug proceeds, a knife, and a drug

ledger. Investigators also recovered suspected bullet fragments from the vehicle's side paneling.

In addition to these seizures, Defendant also participated in five controlled buys. See below chart. All of the controlled buys were arranged through Defendant and Defendant personally delivered the drugs on each occasion, except for the first, which was delivered by his associate Lopez Rodriguez. Each of the controlled buys were audio- and video-recorded.

| CONTROLLED BUYS | | |
|---|---|---|
| # | DATE | DRUG AMOUNT ORDERED & DELIVERED |
| 1 | March 7, 2023 | 3 ounces of Heroin & 1 ounce of Cocaine |
| 2 | April 12, 2023 | 4 ounces of Cocaine |
| 3 | June 5, 2023 | 4 ounces of Fentanyl powder |
| 4 | September 6, 2023 | 4 ounces of Fentanyl powder |
| 5 | March 19, 2024 | 9 ounces of Heroin |

On June 5, 2024, agents arrested Defendant and searched his Kent apartment pursuant to a federal search warrant. During the search agents recovered $1,000 in cash drug proceeds, a holster for a firearm, and a rifle magazine from Defendant's bedroom and adjoining closet. Five cell phones were also recovered from the residence.

Defendant admits that he knowingly possessed both the Glock, Model 20, 10mm semiautomatic pistol and the Sig Sauer, Model P320, 9mm semiautomatic pistol recovered from the cars he was driving. Defendant further admits that he possessed both firearms in furtherance of the drug trafficking conspiracy charged in Count 1. Specifically, Defendant admits he possessed the guns to protect himself, his drugs, and his cash drug proceeds.

Although the exact amount of drugs Defendant distributed, or conspired to distribute, is unknown, the parties agree that it was at least 5.4 kilograms of a mixture or substance containing methamphetamine, 13.1 kilograms grams of a mixture or substance containing cocaine, 300 grams of a mixture and substance containing heroin, and 200 grams of a mixture and substance containing fentanyl.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

*Count 1*

a. A base offense level of 34 under USSG §§ 2D1.1(c)(3) because the offense involved at least at least 5.4 kilograms of a mixture or substance containing methamphetamine, 13.1 kilograms of a mixture or substance containing cocaine, 300 grams of a mixture or substance containing heroin, and 200 grams of a mixture or substance containing fentanyl, which results in a converted drug weight of 14,220 kilograms;

*Count 2*

b. Pursuant to USSG § 2K2.4 the guideline term of imprisonment for a violation of Title 18, United States Code, Section 924(c) is the minimum term of imprisonment required by statute. As such, the guideline term of imprisonment is 60 months;

c. A two-level enhancement, pursuant to USSG § 3B1.1(c), because Defendant was an organizer, leader, manager, or supervisor of criminal activity; and

d. A three-level decrease under USSG § 3E1.1(b) if Defendant clearly demonstrates acceptance of responsibility for his offense, as further explained in Paragraph 11.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

Plea Agreement - 9
*United States v. Ramon Duarte Garcia*, CR24-088TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

11. **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12. **Sentence Recommendation.** The United States agrees to recommend a term of imprisonment that is no longer than the low end of the applicable Guidelines sentence as determined by the Court. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendations of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

13. **Forfeiture.** Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately his right, title, and interest in any and all property, real or personal, that constitutes proceeds of, and/or that facilitated, his commission of the offense of Conspiracy to Distribute Controlled Substances, as charged in Count 1. All such property is forfeitable pursuant to Title 21, United States Code, Section 853(a), and includes but is not limited to $1,000 in U.S. currency, seized from Defendant's residence in Kent, Washington, on or about June 5, 2024.

Defendant further agrees to forfeit to the United States immediately his right, title, and interest in any and all firearms and ammunition that were involved in his commission

Plea Agreement - 10
*United States v. Ramon Duarte Garcia*, CR24-088TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, as charged in Count 2. All such property is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d), by way of Title 28, United States Code, Section 2461(c).

Defendant agrees to fully assist the United States in the forfeiture of any such forfeitable property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

Defendant also agrees not to file any further claims to any of this property in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated, or to otherwise contest any federal forfeiture proceeding that may be or has been initiated. Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, in which the Defendant has any interest or control, if said property facilitated and/or constitutes proceeds of his commission of Conspiracy to Distribute Controlled Substances (Count 1) or if said property are firearms and ammunition involved in his commission of Possession of a Firearm in Furtherance of Drug Trafficking (Count 2).

14. **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband, or any firearms, magazines, ammunition, or firearms accessories, that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

15. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

16. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the

calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

17. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty pleas required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation, or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

19. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//

//

//

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

20. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 24th day of February, 2025.


RAMON DUARTE GARCIA
Defendant


PETER CAMIEL
Attorney for Defendant


VINCENT T. LOMBARDI
Assistant United States Attorney


JOSEPH C. SILVIO
C. ANDREW COLASURDO
Assistant United States Attorneys

Plea Agreement - 15
*United States v. Ramon Duarte Garcia*, CR24-088TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970